UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEBORAH MCALPINE, individually
and as administrator of the Estate of
KENNETH MCALPINE, deceased,

Plaintiff,

v.

STATE FARM FIRE AND CASUALTY
COMPANY,

Defendant.

CASE NO. C10-5630BHS

ORDER DENYING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

This matter comes before the Court on Defendant's motion for summary judgment (Dkt. 46). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

Plaintiff Deborah McAlpine ("Ms. McAlpine"), individually and as administrator[1] of the Estate of Kenneth McAlpine, deceased filed an amended complaint ("complaint")

---

[1] The parties agree that Ms. McAlpine has cured her previous failure to obtain a bond and Letters of Administration in acting as Administrator for the estate of Kenneth McAlpine and therefore, can continue to act as Administrator for the estate. *See* Dkt. 65.

in this action on October 15, 2010. Ms. McAlpine's complaint alleges claims against State Farm for breach of contract, violations of various Washington statutes governing insurance, and breach of the implied covenant of good faith and fair dealing. Dkt. 10 at 8-12.

On February 8, 2011, the Court granted Harborstone Credit Union's unopposed motion to intervene as a plaintiff. Dkt. 21. On September 29, 2011, the Court signed a stipulated order granting Harborstone's motion for summary judgment on its claims asserted against the McAlpines. Dkt. 44.

On October 26, 2011, State Farm filed a motion for summary judgment. Dkt. 46. On November 14, 2011 Ms. McAlpine responded. Dkt. 14. On November 15, Harborstone responded stating that for purposes of the Court's decision on State Farm's motion, Harborstone adopted Ms. McAlpine's response to the motion. Dkt. 15. On November 18, 2011, State Farm replied. Dkt. 65.

## II. FACTUAL BACKGROUND

The following facts are undisputed unless otherwise noted:

This action arises out of a fire that occurred at Ms. McAlpine's restaurant business, Le Bistro, on February 10, 2010, in Gig Harbor, Washington. Dkt. 49 at 1-2. Ms. McAlpine and Kenneth Alpine (collectively, "the McAlpines") had an insurance policy with State Farm, effective April 29, 2009, through April 29, 2010, that provided for up to $325,000 in coverage for the building, $100,000 for personal property, and loss of income in the amount incurred. Dkt. 49-1. The insurance policy contained a provision

stating that the policy could be voided in the event of concealment, misrepresentation, or fraud by the policyholder. *Id*. at 40.

The parties agree that the fire was the result of arson. *See* Dkt. 50 at 2 (Ms. McAlpine's proof of loss form stating that the cause of the fire was arson) & Dkt. 51 at 9 (investigation report ordered by State Farm stating that the fire was intentionally set). Shortly after the fire occurred, and the McAlpines filed a claim under the insurance policy, State Farm began an investigation into the claim. Dkt. 49 at 1-2. Ms. McAlpine participated in multiple conversations with State Farm representatives during the course of its investigation regarding the events before and after the fire, the Le Bistro's financial situation, as well as her personal financial circumstances. *See generally* Dkt. 49.

As discussed below, the parties dispute what Ms. McAlpine knew regarding the business's financial situation and therefore dispute whether she knowingly misrepresented the situation to State Farm's representatives. *See generally* Dkts. 46 & 58 and supporting declarations.

## III. DISCUSSION

The issue before the Court is whether State Farm is entitled to summary judgment on Ms. McAlpine's claims based on its allegations that Ms. McAlpine knowingly and materially misrepresented facts such that her coverage under the policy is void and her extracontractual claims fail.

**A.    Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material

fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory,

nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.  State Farm's Motion for Summary Judgment**

State Farm seeks summary judgment on Ms. McAlpine's claims based on allegations that Ms. McAlpine violated the fraud and concealment provision of her insurance policy and therefore cannot recover under the policy or pursue her extracontractual claims. *See generally* Dkt. 46.

    **1.  Washington Law Governing Material Misrepresentations**

In *Kim v. Allstate Ins.Co.*, 153 Wn. App. 339 (2010), the Washington Court of Appeals provides an in-depth explanation of the proper analysis in considering an insured's alleged material misrepresentation to his or her insurance company:

> In order to avoid liability based on a material misrepresentation, the insurance company must demonstrate that the insured knowingly made the untrue representations and that, in making those representations, the applicant intended to deceive the company. *Kay v. Occidental Life Ins. Co.*, 28 Wash.2d 300, 301 (1947) (citing *Houston v. New York Life Ins. Co.*, 159 Wash. 162 (1930)). But if an insured knowingly makes a false statement, courts will presume that the insured intended to deceive the insurance company. *Kay*, 28 Wash.2d at 302 (citing *Quinn v. Mut. Life Ins. Co.*, 91 Wash. 543 (1916)); *see also Day v. St. Paul Fire & Marine Ins. Co.*, 111 Wash. 49 (1920). If the insured knowingly made a false statement, the burden shifts to the insured to establish an honest motive or an innocent intent. *Kay*, 28 Wash.2d at 302 (citing *Day*, 111 Wash. 49). The insured's bare assertion that she did not intend to deceive the insurance company is not credible evidence of good faith and, in the absence of credible evidence of good faith, the presumption warrants a finding in favor of the insurance company. *Kay*, 28 Wash.2d at 302 (citing *Day*, 111 Wash. 49).
> When an insured intentionally makes material misrepresentations regarding a claim for insurance coverage, any claim by the insured against the insurance company for bad faith and CPA violations must fail. *Cox*, 110 Wash.2d at 652 (a finding of fraud precludes recovery under the CPA

based on insurance company's bad faith because the purpose of the CPA is not served by awarding a windfall to an insured guilty of fraud).

*Kim*, 153 Wn. App. at 1189.

### 2. Parties' Arguments

State Farm alleges that Ms. McAlpine misrepresented her economic circumstances at the time, and her knowledge of those circumstances, based on the following representations:

> Ms. McAlpine claimed she was not aware of overdue property taxes on Le Bistro, even though the McAlpines had consistently and personally paid these taxes just in time to avoid foreclosure.
> Ms. McAlpine claimed to have not even thought about how she would pay or refinance the balloon payment on her mortgage with Harborstone due three months before the fire. Ms. McAlpine claimed to be current on the Harborstone loan when she was three payments behind at the time of the fire.
> Ms. McAlpine was served personally with supplemental proceedings by a creditor to collect on a 2009 judgment less than three months before her examination under oath, but denied being aware of any civil judgments against her at the examination.
> She claimed at her examination under oath that [she] wanted to rebuild Le Bistro at some point during the claim process, but had previously told State Farm that she was not interested in rebuilding or in setting up a temporary location. She also denied that she was trying to sell Le Bistro at the time of the fire, even though it was listed for sale and she had been trying to sell the property for almost two years.

Dkt. 46 at 17. State Farm maintains that "[n]o reasonable trier of fact could fail to conclude that Ms. McAlpine had attempted to conceal her financial motive for arson" and that she "denied that the business was having financial difficulties despite several intractable long and short term problems." Dkt. 46 at 18. In seeking summary judgment, State Farm asks the Court to conclude as a matter of law that Ms. McAlpine knowingly

concealed and misrepresented her financial condition and accordingly, that her claims must be dismissed. *Id.*

Ms. McAlpine contends that State Farm's allegations are based on disputed facts and that there are several questions of material fact remaining that defeat the motion for summary judgment. *See* Dkt. 58 at 4-8 (addressing each of State Farm's allegations regarding Ms. McAlpine's representations) and Dkt. 60 (declaration of Ms. McAlpine).

**3. Conclusion**

The Court concludes that Ms. McAlpines has shown that reasonable triers of fact could disagree as to whether she "knowingly [made] a false statement" to State Farm. *Kay*, 28 Wn.2d at 302. Whether Ms. McAlpine knowingly misrepresented her business's financial situation or, as she alleges, actually did not have knowledge of, or was confused about, certain aspects of the business's finances, is an issue of material fact that must be decided by a jury. Accordingly, the Court concludes that State Farm's motion for summary judgment must be denied.

**IV. ORDER**

Therefore, it is hereby **ORDERED** that State Farm's motion for summary judgment (Dkt. 46) is **DENIED**.

Dated this 20th day of December, 2011.

BENJAMIN H. SETTLE
United States District Judge